TERRITORY OF OKLAHOMA *on the relation of* CHAS. M. THACKER, *County Attorney, in and for Greer County, Oklahoma,* v. WM. F. REYNOLDS, C. A. REYNOLDS AND A. S. WOODRING.

(Filed September 5, 1905.)

ON REHEARING.

1. CRIMINAL CASES—Bail, by Whom Taken. Under the provisions of sec. 636 of our code of criminal procedure, Wilson's Annotated Statutes, 1903, bail is permitted to be taken only by the persons or courts authorized by law to arrest and imprison offenders.

2. SAME—Power of Clerks. In the absence of an express statute, the clerk of the district court is not authorized to take bail in a criminal case, and hence any bond taken by him in such case is void.

3. BAIL BOND—Void, When. A bond which is void under the statute for want of authority to execute it, cannot be enforced as a common law obligation.

(Syllabus by the Court.)

*Error from the Probate Court of Greer County; before T. P. Clay, Trial Judge.*

*Chas. M. Thacker, County Attorney,* for plaintiff in error.

No appearance for defendants in error.

Opinion of the court by

HAINER, J. :   This was an action commenced in the probate court of Greer county by the county attorney in the

name of the Territory, against the defendants in error, upon a written instrument purporting to be a bail or appearance bond. A demurrer was interposed to the petition, which was sustained by the court, and an exception noted and the case brought here for review.

The facts pleaded in this case are the same as in cause No. 1595. The bond appears to have been taken before the deputy clerk of the district court, and hence the rule announced in the case of *Territory ex rel., v. Woodring*, cause No. 1595, decided at this term of court, is decisive of this case. And since the petition wholly failed to state facts sufficient to constitute a cause of action, the demurrer thereto was rightfully sustained.

The judgment of the probate court is therefore affirmed, at the cost of the plaintiff in error.

All the Justices concurring.